IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FAUSTINO ROBINSON,

        Plaintiff,                      No. CIV 06-2153 ALA P

   vs.

NUNN, et al.,

        Defendants.             ORDER
_____/

        On September 28, 2006, Faustino Robinson, a former state prisoner[1] proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action against various officers of Folsom Prison. His claim arises from an alleged beating that occurred on June 18, 1987. Amended Complaint at 5. On April 30, 2007, this Court issued an order noting that Mr. Robinson appeared to have filed two duplicative Amended Complaints under two different case numbers: this case, and case number CIV 06-2152. In its April 30 order, the Court directed Mr. Robinson

---

[1] Mr. Robinson stated in his application to proceed in forma pauperis that he was not currently incarcerated. *See* Docket No. 4.

1

to show cause, by May 5, 2007, why this action should not be dismissed as duplicative of case number 06-2152.  Mr. Robinson filed a letter in this Court on May 14, 2007, in which he asserted that he filed the identical Amended Complaints because a prison legal assistant instructed him to do so.

On July 24, 2007, the Court in case No. 06-2152 issued an order stating that it would disregard the Amended Complaint Mr. Robinson filed in that case, because Mr. Robinson actually intended to file that document in this case.  *See* Court Docket No. 06-2152, Doc. No. 9, Order, July 24, 2007.  Consequently, Mr. Robinson's Amended Complaint in this action is no longer duplicative of the Amended Complaint he filed in case number 06-2152.

The Amended Complaint must nevertheless be dismissed, because it was clearly filed outside the applicable statute of limitations.  28 U.S.C. §1915 requires the Court to "dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  Here, it is plain from Mr. Robinson's Amended Complaint that his action is unarguably time-barred.

In civil rights cases brought under 42 U.S.C. § 1983, courts must apply the forum state's statute of limitations for personal injury claims, and the forum state's law regarding tolling, to the extent not inconsistent with federal law.  *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989); *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam).  Federal law determines when a claim accrues.  *Johnson*, 207 F.3d at 653.  Generally, a claim accrues when the plaintiff knows or should know of the injury that is the basis of his or her cause of action.  *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Mr. Robinson's claim accrued on June 18, 1987, when the Defendants allegedly beat him.

Before 2003, California imposed a one-year statute of limitations on personal injury actions.  CAL. CIV. PROC. CODE § 340(3) (West 1987); *Jones v. Blanas*, 393 F.3d 918, 927 (9th

1 Cir. 2004). That statute of limitations was increased to two years, effective January 1, 2003.
2 CAL. CIV. PROC. CODE § 335.1 (West 2007). However, the two-year statute of limitations is not
3 retroactive. *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006).
4 Because Mr. Robinson's claim accrued in 1987, it is subject to the pre-2003 one-year statute of
5 limitations.

6 Before 1995, California prisoners incarcerated for a term less than life were entitled to
7 unlimited tolling of the statute of limitations during their incarceration. *See* CAL. CIV. PROC.
8 CODE § 352(a) (West 1987); CAL. CIV. PROC. CODE § 352(a) (West 1994); *Fink*, 192 F.3d at
9 914. Effective January 1, 1995, California law now entitles prisoners incarcerated for a term less
10 than life to a maximum of two years of tolling during the disability of incarceration. CAL. CIV.
11 PROC. CODE § 352.1(a) (West 2007); *Fink*, 192 F.3d at 914. The 1995 amendment is retroactive,
12 except that claims that accrued before January 1, 1995 are tolled for two years from the date of
13 accrual or until January 1, 1995, whichever occurs later, "as long as such an application does not
14 result in manifest injustice." *Fink*, 192 F.3d at 915-16. The statute of limitations begins to run
15 immediately after the prisoner's incarceration ends, or immediately after the two-year maximum
16 period of tolling for incarceration ends, whichever comes first. *See Cabrera v. City of*
17 *Huntington Park*, 159 F.3d 374, 378-79 (9th Cir. 1998) (per curiam) (recognizing that, under
18 California law, "the statute of limitations begins to run immediately after a disability period
19 ends.").

20 Mr. Robinson's claim in this case accrued on June 18, 1987, when the alleged beating
21 occurred. Under California law then in effect, the statute of limitations would have been tolled
22 during Mr. Robinson's entire incarceration. Under the retroactive 1995 amendment, however,
23 Mr. Robinson is only entitled to a two-year period of tolling for incarceration, until the latter of
24 two years from the date of accrual or January 1, 1995. Because two years from the date Mr.
25 Robinson's claim accrued was June 18, 1989, the one-year statute of limitations on Mr.
26 Robinson's claim was tolled until January 1, 1995. The assumption most favorable to Mr.
27 Robinson is that he had not yet been released from prison as of January 1, 1995, and therefore
28 the statute of limitations on his claim began running on that date instead of commencing earlier.

Accepting that assumption, the statute of limitations on his claim expired on January 1, 1996. Mr. Robinson brought his claim more than ten years after that date, on September 28, 2006. Docket No. 1.  He has not alleged any facts suggesting that the statute of limitations should be tolled for any additional time.  His action is therefore barred by the statute of limitations, and further amendment of his complaint would be futile.  The action lacks an arguable legal basis, and is therefore "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).  Consequently, this action is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) for failure to bring the action within the applicable statute of limitations.

DATED: August 6, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation